IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY VERDELLO DUNKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-3061-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Verdello Dunkins has filed a "Motion for Injunction" that the Court has construed as a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. Nos. 1 & 2. For the reasons stated herein, Petitioner's successive Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

On January 19, 2000, a jury found Petitioner guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner was sentenced to 103 months' imprisonment and a 3-year term of supervised release. *See United States v. Dunkins*, No. 3:99-cr-341-G (N.D. Tex. Mar. 30, 2000). Petitioner's conviction was affirmed on direct appeal. *See United States v. Dunkins,* 244 F.3d 137 (Table), 2000 WL 1901646 (5th Cir. Dec. 14, 2000), *cert. denied,* 532 U.S. 988 (2001). He then filed a motion seeking post-conviction relief under 28 U.S.C. § 2255, which was denied. *See United*

*States v. Dunkins*, No. 3:02-cv-182-G, 2002 WL 31757625 (N.D. Tex. Dec. 4, 2002), *COA denied*, No. 03-10017 (5th Cir. May 15, 2003), *cert. denied,* 540 U.S. 933 (2003). A second motion to vacate, set aside, or correct sentence was dismissed as successive. *See United States v. Dunkins*, No. 3:04-cv-1078-G (N.D. Tex. June 28, 2004), *COA denied*, No. 04-10822 (5th Cir. Dec. 16, 2004). A motion for leave to file a successive Section 2255 motion was then denied by the Fifth Circuit. *See In re Dunkins*, No. 04-11081 (5th Cir. Nov. 24, 2004). A "Motion to Correct Sentence" was construed as a successive Section 2255 motion and transferred to the Fifth Circuit. *See Dunkins v. United States,* No. 3:06-cv-1988-G (N.D. Tex. Oct. 27, 2006), *mot. denied*, No. 06-11184 (5th Cir. Dec. 15, 2006).

On August 2, 2013, Petitioner filed a handwritten "Motion for Injunction," which the Court construed as a motion under 28 U.S.C. § 2255 because he seeks release from imprisonment on grounds that the crime for which he was convicted constitutes an unconstitutional infringement of his Second Amendment rights. *See* Dkt. Nos. 1 & 2.

**Legal standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him]

guilty of the offense; or

(2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his motion in district court. *See id.* §§ 2244(b)(3), 2255(h).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider Petitioner's successive Section 2255 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, Petitioner's Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's motion to correct, vacate, or set aside sentence [Dkt. No. 2] should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being

served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE